**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JACK TRUMBO JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| **RYLIE EQUIPMENT & CONTRACTING** ) | |
| **CO.** ) | |
| ) | |
| <u>Serve Registered Agent</u>: ) | **JURY TRIAL DEMANDED** |
| **The Prentice-Hall Corporation System,** ) | |
| **Kansas, Inc.** ) | |
| **2900 S.W. Wanamaker Drive, Ste. 204** ) | |
| **Topeka, Kansas 66614** ) | |
| ) | |
| **Defendant.** ) | |

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

## COMPLAINT

COMES NOW Plaintiff, Jack Trumbo, by and through his undersigned counsel, and hereby states and alleges as follows for his cause of action against Defendant Rylie Equipment & Contracting Co. ("Defendant"):

## PARTIES

1.  **Plaintiff Jack Trumbo** resided in Kansas at all times relevant to the allegations herein.

2.  Upon information and belief, **Defendant** is a Texas corporation, with a principal place of business in Nebraska.

1

3. Upon information and belief, Defendant is registered to conduct business and, at all times relevant to the allegations contained herein, was conducting substantial and ongoing business in the state of Kansas.

4. At all times relevant to the allegations set forth herein, Plaintiff was employed by Defendant.

5. Upon information and belief, Defendant has employed more than twenty (20) persons within the State of Kansas and, at all relevant times herein, was an "employer" within the meaning of the ADEA.

6. Defendant is an entity, and is thus incapable of acting on its own behalf and therefore acts through agents. It is liable for the conduct of its agents, including but not limited to the individuals named herein, acting within the course and scope of their employment and/or agency, its own negligence, the acts of its employees and/or agents which it ratifies, injuries incurred through employees and/or agents' performance of its non-delegable duties, and acts its employees and/or agents take by virtue of their agency or employment with Defendant.

7. During all times relevant to this Complaint, Rick Thompson was a manager of Defendant and acting directly in the interests of Defendant.

8. Because Mr. Thompson was an agent, servant, proxy, alter-ego, and/or employee of Defendant and was acting in the course and scope of his agency and/or employment at all times relevant to the allegations in this Complaint, Defendant is liable for his acts.

9. At all times mentioned herein, each of Defendant's employees referenced in this Complaint were the agents, servants, and employees of Defendant who were all acting within the course and scope of their employment and/or agency with Defendant.

## JURISDICTION AND VENUE

10. This Court has jurisdiction because Plaintiff asserts federal claims alleging discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. ("ADEA").

11. Jurisdiction is proper over Defendant in that it transacted ongoing and substantial business in the State of Kansas; Defendant employed and provided benefits to employees, including Plaintiff, in the state of Kansas; and the discriminatory and wrongful acts alleged herein occurred in the State of Kansas.

12. Venue is proper in this Court as the alleged acts, omissions and occurrences giving rise to the claims alleged herein occurred in Wyandotte County, Kansas which is within the jurisdiction of the District of Kansas.

## CONDITION PRECEDENT

13. Plaintiff filed a timely Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about January 22, 2020.

14. The EEOC generated a charge number 563-2020-00978. A true and accurate copy of Charge Number 563-2020-00978 is attached hereto as **Exhibit A** and incorporated by reference.

15. The EEOC thereafter issued a Notice of Right to Sue on the Charge dated July 28, 2020. A true and accurate copy of the Notice of Right to Sue for Charge Number 563-2020-00978 is attached hereto as **Exhibit B** and incorporated herein by reference.

16. This action is timely filed with the Court and Plaintiff has met all conditions precedent to the filing of this action.

## FACTUAL ALLEGATIONS

17. Plaintiff is a 50-year-old male.

18. Defendant is a construction company engaged in, among other, services of laying phone and internet cables.

19. Plaintiff first started his employment with Defendant in 1991 as a laborer.

20. Since approximately 1995, Plaintiff has held the position of a lead man.

21. In 2000, Plaintiff briefly left his employment with Defendant but returned to work for Defendant in 2002 and has been employed there ever since.

22. In his position as a lead man, Plaintiff performed various tasks related to laying phone and internet cables and supervised between 1 and 4 laborers at various times.

23. Plaintiff, in turn, was supervised by Rick Thompson at all times relevant to the allegations contained herein.

24. During the time relevant to the allegation herein, Rick Thompson held positions of supervisor of areal crews and Vice-President.

25. On or about November 4, 2019, Mr. Thompson informed Plaintiff that Plaintiff would be passed by for a promotion due to Plaintiff's age.

26. On or about November 4, 2019, Mr. Thompson and another lead man Ray Smith showed up on the job site where Plaintiff was working.

27. Mr. Thompson told Plaintiff that Defendant was making him retire effective December 31, 2019 and Mr. Smith would be taking Mr. Thompson's position of supervisor of areal crews.

28. When Plaintiff asked if he was even in the running for the promotion, Mr. Thompson responded "Yes, it was between you and Ray but aren't you 50 and wanting to retire at 55?"

29. Plaintiff responded with "No, I am 49 but will be 50 in May and I have to work until I am at least 55."

30. Mr. Thompson then explained: "[t]hat played a part in the decision." He went on to say that Defendant "was looking for someone who could hang around longer. They chose Ray."

31. Upon information and belief, the decision not to promote Plaintiff was made by President Allen Harmon, Mr. Thompson, and another Vice-President George Shaw.

32. Plaintiff was qualified for the vacancy with his 28 years of dedicated service, his loyalty and experience in the field.

33. Upon information and belief, Mr. Smith is approximately 10 years younger than Plaintiff.

34. Upon information and belief, Mr. Smith has been employed with the company for approximately 15 years.

35. Throughout his 28 years of employment with Defendant, Plaintiff never had any disciplinary action.

36. Upon information and belief, unlike a lead man, a supervisor of areal crews receives quarterly bonuses, stock options in the company, a company vehicle and an expense account, in addition to the base salary.

37. Upon information and belief, the position of supervisor of areal crews receives three weeks of paid vacation.

## COUNT I
## ADEA – Discrimination
**(29 U.S.C. § 621, *et seq*.)**

38. Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

39. Plaintiff, who was 49 years old at the time of events giving rise to this lawsuit, was within the age class protected by the ADEA.

40. Plaintiff was subjected to discrimination by Defendant based on his age, in violation of the ADEA, in that Plaintiff was treated differently than similarly situated younger and less experienced employees of Defendant.

41. Although Plaintiff met the qualifications for the position of a supervisor of areal crews, Defendant failed to promote Plaintiff to this position due to Plaintiff's age, while a substantially younger and less experienced employee was promoted to that position.

42. Defendant, acting through its agents and/or employees, has specifically stated that the reason for Defendant's failure to promote Plaintiff was Plaintiff's age.

43. But for Plaintiff's age, Defendant would not have discriminated against him by failing to promote him.

44. As shown by the foregoing, Defendant discriminated against Plaintiff with respect to his compensation, terms, conditions, and/or privileges of employment, because of Plaintiff's age, in violation of the ADEA.

45. As a direct and proximate result of defendant's unlawful practices described herein, Plaintiff sustained, and continues to sustain, damages, including but not limited to lost earning potential in the form of bonuses, and stock options in the company, and emotional distress.

46. Defendant knew that its conduct was prohibited by the ADEA or Defendant showed reckless disregard about whether its conduct was prohibited by the ADEA.

47. Defendant's reasons for its failure to promote Plaintiff are pretextual in that they are false and are not the true reasons for Defendant's employment decision.

48.     The actions and conduct of the above-described perpetrators as set forth herein were intentional, willful, malicious, grossly negligent, reckless, extreme, and outrageous and exhibited a conscious disregard for Plaintiff's rights and the rights of others, and therefore Plaintiff is entitled to liquidated and/or punitive damages.

WHEREFORE Plaintiff prays for judgment against Defendant on Count I of his Complaint for a finding that he has been subjected to discrimination in violation of the ADEA; for a promotion or an award of front pay; for an award of back pay, including lost bonuses, the value of stock options in the company, and other benefits including interest; for an award of compensatory, liquidated and/or punitive damages; pre-judgment and post-judgment interest as provided by law; for his costs herein expensed; reasonable attorneys' fees; and for such other relief as this court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all counts of the Complaint.

**RESPECTFULLY SUBMITTED,**

**HOLMAN SCHIAVONE, LLC**

By: /s/ Kirk D. Holman
Kirk D. Holman, KS Bar #19558
Aiman Dvorak, D. Kan. #78873
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
kholman@hslawllc.com
advorak@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**